

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Compton White
County Auditor
Freestone County
Fairfield, Texas

Dear Sir:

Opinion No. 0-3473
Re: Whether the commissioners'
court can legally order a
local option election to be
held June 28, 1941, date of
the special senatorial
election, with the same
election judges and clerks;
and another related question.

Your letter of April 25th, requesting an opinion of this
Department, reads as follows:

"A petition will be presented to the commissioners' court of
Freestone County on May 12th, 1941, to order a beer election
in Freestone County. If this election is ordered it would
necessarily have to be held by June 2nd, 1941. Could the
court legally pass this petition to June 9th and order the
election held June 28th, the date set for the election of a
United States Senator, using the same election judges and
clerks to hold both elections.

In our county budget for the year 1941 I calculated and the
commissioners' court approved funds for holding one election
in 1941. Would it be within my power in enforcing compliance
with the county budget to require the commissioners' court
to declare an emergency to pay for the beer election in the
event it is held before the Senatorial election? Due to
the fact that the senatorial election has already been ordered
I am taking the position that funds set up in our budget for
election expense are already obligated and that any other
charge against our budget for election will have to be classed
as an emergency by the commissioners' court. An early reply
to the above questions will be appreciated."

Article 666-32, Vernon's Annotated Penal Code, provides:

"The Commissioners Court of each county in the State upon its

own motion may order an election to be held by the qualified voters in said county, to determine whether or not the sale of liquors shall be prohibited or legalized in such county, and such Court shall order a local option election whenever petitioned to do so by an many as ten (10) per cent of the qualified voters of said county, or of any justice precinct, city or town, taking the votes for Governor at the last preceding general election as the basis for determining the qualified voters in any such county, or political subdivision. After the first local option election held as provided in this Act, in any county, justice precinct, incorporated town, or city, no subsequent election upon the same issue in the same political subdivision shall be held within one (1) year from the date of the preceding local option election in said county, or said political subdivision of said county."

Article 666-33 of said Code provides:

"When the Commissioners Court shall order an election as herein provided for, it shall be the duty of said Court to order such election to be held at the voting places within such subdivision or county upon a day not less than ten (10) nor more than twenty (20) days from the date of said order, and the order thus made shall express the object of such election and shall be held to be prima facie evidence that all the provisions necessary to give it validity or to clothe the Court with jurisdiction to make it valid, have been duly complied with, provided that said Court shall appoint such officers to hold such elections as now required to hold general elections."

Article 666-34 of the Code provides that the election shall be held and the return thereof made in conformity with the provisions of the General Laws of the State, and by the election officers appointed and qualified under such laws; and Article 666-36 provides that the holding of the election by the officers shall conform to the General Election Laws in force regulating elections.

Article 666-36 of said Code provides:

"The officers holding such election shall, in all respects not herein specified, conform to the General Election Laws in force regulating elections and after the polls are closed proceed to count the votes and within three (3) days thereafter make due report of said election to the aforesaid Court. The provisions of the General Election Laws shall be followed in calling and conducting said election where not inconsistent herewith."

Article 666-40 of the Code provides that the Commissioners'
Court upon petition asprovided shall order as provided in
Article 666-32, supra, local option elections for the purpose
of determining whether alcoholic beverages of the various
types and alcoholic contents shall be legalized or prohibited.

Under Chapter 12, Article 3088, Vernon's Annotated Civil
Statutes, it is provided that every law regulating or in any
manner governing elections or the holding of primaries in this
State shall be held to apply to each election of a candidate for
a United States Senator so long as they are not in conflict
with the United States Constitution or Laws of Congress regula-
ting the election of senators or the provisions of Chapter 12.
This chapter, relating to filling the office of United States
Senator, expressly designates an electionheld for the purpose
of filling a vacancy in the Senate as a special election.

In holding a local option election the commissioners' court
is required to appoint such officers to hold the election
as now required to hold general elections. At this special
election to fill the vacancy in the United States Senate, it
is expressly provided that every law regulating or in any
manner governing elections in this State shall apply. We find
no prohibition against the holding of a local option election on
the same day a special election to fill the vacancy in the
United States Senate is held. It has been held by this Depart-
ment that a local option election may be held on the same day
at which a general election is held. See Opinion No. 0-2853,
Volume 2, p. 330, Reports of the Attorney General, 1940.

As to the conduct of the two elections on the same day, we
run into some difficulty. We held in a recent opinion, 0-
3438, approved May 21st, 1941, a copy of which is hereto at-
tached, that the forthcoming senatorial election to fill a
vacancy, being a special election, the proviso of Article
2938, Revised Civil Statutes, 1925, which provides for the
appointment of one presiding judge, one assistant judge and
two clerks to be appointed by the commissioners' court, con-
trols. Such provision, however, in so far as fixing the
official's compensation, no longer controls but is superseded
by Article 2943, Vernon's Annotated Civil Statutes, with the
amounts fixed in the later statute controlling.

Since the election judges and clerks to be appointed for the
special senatorial election are separate and distinct from
those authorized to conduct general elections, local option
elections and primary elections as regularly appointed under
Articles 2937 and 2938, Revised Civil Statutes, 1925, the con-
duct of both elections by the same officials, should they
be held on the same day, is not authorized. It will further be

noted that not only the presiding and assistant judges, but the two clerks are to be appointed by the commissioners' court under the controlling provision.

Should both a local option election and the forthcoming senatorial or special election be held on the same day, it being our view that separate election judges and clerks to conduct the elections would be required, it naturally follows that separate and distinct ballot boxes should be used.

The Texas Liquor Control Act or the above mentioned statutes do not require the commissioners' court to order the election the same day the required petition is presented. When the court acts upon said petition, and we think the law requires the court to act within a reasonable time, the statutes require a date to be set not less than ten (10) nor more than twenty (20) days from the date of said order. (Article 666-33, supra)

Article 689a-11, Vernon's Annotated Civil Statutes, in part, provides:

". . . The Court shall have authority to make such changes in the budget as in their judgment the law warrants and the interest of the taxpayers demand. When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditures of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. In all cases where such amendment to the original budget is made, a copy of the order of the Court amending the budget shall be filed with the Clerk of the County Court, and attached to the budget originally adopted."

Article 689a-20, Vernon's Civil Statutes, provides:

"Nothing contained in this Act shall be construed as precluding the Legislature from making changes in the budget for State purposes or prevent the County Commissioners' Court from making changes in the budget for county purposes or prevent the governing body of any incorporated city or town from making changes in the budget for city purposes, or prevent the trustees or other school governing body from making changes in

the budgets for school purposes; and the duties required by
virtue of this Act of State, County, City and School Officers
or Representatives shall be performed for the compensation now
provided by law to be paid said Officers, respectively."

Relative to your second question, we held in our opinion No. 0-2315, approved June 6, 1940, that the discretion exercised
by the commissioners' court in declaring an emergency for amend-
ing the budget was final and should not be questioned by the
auditor except only where the question is debatable or where
the existence of an emergency is questionable.

According to your letter sufficient funds for holding an
election were set up in the 1941 budget. No importance can be
attached to the fact that at the time such funds were set up
the commissioners' court of your county possibly anticipated a
local option election. Should the court, exercising its
discretion, order said local option election to be held prior
to the forthcoming special senatorial election, the expense of
the first election could not be held an emergency under the
budget law with funds on hand and previously set up therein.
The obligation of such funds is not determined by the priority
of the order calling an election but by the date upon which an
election is first held and expenses incurred therefor.

As to your first question, it is the opinion of this Department
that it is within the discretion of the commissioners' court
to order a local option election to be held on the same date
as that upon which the forthcoming special senatorial election is
to be held; provided such election is authorized under the law
and is ordered within a reasonable time after the petition is
presented containing the requisite number of qualified voters.
Should the two elections be so held, the officials generally
appointed to hold a local option election could not at the same
time conduct the special senatorial election, the holding of
which in each voting precinct requires the appointment of a
presiding judge, as assistant judge and two clerks by the
commissioners' court.

Answering your second question, it is our opinion that under the
facts presented, the county auditor could not require the com-
missioners' court to declare an emergency to pay for a local
option election validly held previous to the special senatorial
election called and set for June 28, 1941. However, the com-
missioners' court would be empowered to declare an emergency
and amend the budget so as to provide funds for the second
election.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

s/ Wm.J. R. King

By

WmK:N/cg

Wm. J. R. King
.Assistant

APPROVED MAY 26, 1941

s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

Approved opinion committee
By BWB, Chairman